UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
ASHLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 0:20-CR-4-DLB-HAI |
| ) | |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| ROBERT W. AMOS, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal prisoner Robert W. Amos, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate his sentence. D.E. 37. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Having reviewed the motion in detail, it appears that the motion is time-barred.

On September 16, 2020, District Judge Bunning entered Judgment after Amos pleaded guilty (D.E. 28) to one count of possession with the intent to distribute 50 grams or more of methamphetamine and one count of possession with the intent to distribute fentanyl. D.E. 35. He was sentenced to a total imprisonment term of 140 months. *Id.* at 2. Amos did not appeal.

The critical issue at this juncture is whether the § 2255 motion was timely filed. A one-year period of limitation applies to habeas motions by federal prisoners. 28 U.S.C. § 2255(f). The statute provides that the limitation period begins to run from the latest of four specified dates, only one of which appears relevant here: "the date on which the judgment of conviction becomes final." § 2255(f)(1).

Judgment was entered on September 16, 2020.  D.E. 35.  Federal Rule of Appellate Procedure 4(b)(1)(A) provides fourteen days after entry of judgment to file a notice of appeal.  This period expired on September 30, 2020.  This is the date upon which Amos's conviction became final and his one-year habeas statute of limitations began to run.  28 U.S.C. § 2255(f)(1).  The deadline expired a year later, on Thursday, September 30, 2021.  On the final page of his § 2255 form, Amos swears that he placed the motion in the prison mail on November 11, 2021.  D.E. 37 at 11.  This was forty-two days past the one-year deadline.

Item 18 of the § 2255 form states, "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion."  D.E. 37 at 10.  Amos states that the "[m]otion is timely filed."  *Id.*  Amos is not correct on this point.  There is a statute of limitations that this Court must enforce when appropriate.  28 U.S.C. § 2255(f).  The Court therefore ordered Amos to show cause why his motion should not be dismissed as time-bared.  D.E. 39.  Amos timely responded.  D.E. 40.

Amos argues that the deadline should be equitably tolled under *Holland v. Florida*, 560 U.S. 631 (2010).  D.E. 40.  Under *Holland*, a petitioner is entitled to equitable tolling of the habeas statute of limitations if he proves (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland*, 560 U.S. at 649.  The bar to equitable tolling is a high one.  "Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).  The constraining external circumstance must be something "extraordinary," *id.*, such as "egregious attorney misconduct," *Holland*, 560 U.S. at

634, or the movant's "profound mental incapacity," *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004).

Amos first explains that he believed his attorney had filed a notice of appeal and that this would have granted him an additional time to file the § 2255 motion. D.E. 40 at 2. Amos also states that he was transferred to FCI McDowell after his sentence was imposed, where he was quarantined for ninety days, from about November 11, 2020, until February 9, 2021, due to contracting COVID-19. *Id.* at 3. Amos was then transferred to FCI Hazelton, which has remained on modified lockdown due to the COVID-19 pandemic. *Id.* at 4. Amos states that he was not able to file his § 2255 motion because of restrictive procedures, such as having limited access to legal materials, during the entirety of his time in B.O.P. custody. *Id.*

Even accepting his assertions as true, Amos has not proven due diligence or extraordinary hindrance to warrant equitable tolling under *Holland*. Amos states that the restrictive procedures have been in place the entire time he has been in B.O.P. custody. He does not indicate that the procedures have slackened. Rather, Amos admits that he was able to file his § 2255 motion in spite of the restrictive procedures. D.E. 40 at 5. Thus, he has failed to show why he could not have filed his § 2255 motion within the limitations period.

It is also worth noting that Amos timely filed a response to the Court's Show-Cause Order and also recently filed a motion for compassionate release. D.E. 40, D.E. 41. The record therefore shows that Amos was capable of filing motions despite the restrictive procedures in place while he has been in B.O.P custody.

Amos's only other stated obstacle was that he believed his attorney had filed a notice of appeal. D.E. 40 at 2. Amos does not allege that his attorney actively did anything that prevented him from making a timely habeas filing. As the Supreme Court has made clear, only "egregious

3

attorney misconduct" warrants tolling. *Holland*, 560 U.S. at 634. Although the failure of Amos's attorney to file a direct appeal when asked to do so may have been misconduct, this failure to appeal would not have affected Amos's ability to file a timely habeas motion during the one-year limitations period.

Attorney negligence does not warrant equitable tolling, only extraordinary misconduct does.

> [The "extraordinary circumstance prong of the *Holland* test] is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true. *See Maples v. Thomas*, [565 U.S. 266, 281 (2012)]; *Holland v. Florida*, 560 U.S. at 652–53]; *Dillon v. Conway,* 642 F.3d 358, 363-64 (2d Cir. 2011); *Downs v. McNeil*, [520 F.3d 1311, 1320-21 (11th Cir. 2008)] (discussing these two "well-recognized exceptions" to the "your lawyer, your fault" rule).

*Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013). Again, Amos has not alleged active attorney misconduct, or even negligence, that prevented him from filing a habeas petition. No extraordinary circumstance prevented him from filing this motion on time.

## Conclusion

The undersigned **RECOMMENDS** that Amos's § 2255 motion be **DISMISSED** upon initial review as untimely. "[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

This case does not warrant an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must

4

consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, the record shows Amos was capable of making court filings during the limitations period. Yet his § 2255 motion was filed forty-two days too late. The record therefore "conclusively show[s]" he is entitled to no relief. *Arredondo*, 178 F.3d at 782.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the record shows Amos was capable of filing a motion within the limitations period, but the motion was filed forty-two days too late. That his motion is time-barred is not debatable.

Any objection to or argument against denial of the § 2255 motion must be asserted **before the District Judge** in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further

appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 25th day of January, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge