**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CRIMINAL ACTION NO. 20-4-DLB-HAI**
**CIVIL ACTION NO. 21-79-DLB-HAI**

**UNITED STATES OF AMERICA**            **PLAINTIFF**

v.      <u>**ORDER ADOPTING RECOMMENDED DISPOSITION**</u>

**ROBERT W. AMOS**            **DEFENDANT**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Magistrate Judge Hanly A. Ingram's Recommended Disposition (Doc. # 43), wherein he recommends that Defendant Robert Amos's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. # 37) be denied as time barred. Defendant, proceeding *pro se*, filed Objections to the Recommended Disposition (Doc. # 47), to which the United States did not respond. *See* 28 U.S.C. § 636(b)(1)(C); LR 72.2. The time for doing so having passed, the Recommended Disposition and Objections are ripe for review. For the reasons set forth below, Defendant's objections are **overruled** and the Recommended Disposition is **adopted** as the findings of fact and conclusions of law of the Court.

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

In March of 2020, Amos was indicted for possession with intent to distribute a mixture or substance containing 50 grams or more of methamphetamine and possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl, both in violation of 21 U.S.C. § 841(a)(1). (Doc. # 13). On June 10, 2020, Amos pled

1

guilty to both counts in the indictment without a formal plea agreement with the Government. (Doc. # 28). On September 14, 2020, Amos was sentenced to a total term of imprisonment of one-hundred forty (140) months, followed by six years (6) of supervised release. (Doc. # 35 at 2-3).

On November 19, 2021, Defendant Amos, proceeding pro se, filed a Motion to Vacate under 28 U.S.C. § 2255. (Doc. # 37). In his Motion to Vacate, Amos contends that his trial counsel failed to provide effective assistance by failing to file a motion to suppress the evidence used to "convict" Amos. (*Id.* at 4). Because Amos's motion was filed more than a year after his judgment became final, Judge Ingram put on a show cause order ordering Amos to show cause why his petition should not be dismissed as time barred. (Doc. # 39). Amos informed the Court that he "erroneously believed that his lawyer had filed a Notice of Appeal" which would have extended the deadline for him to file a § 2255 motion. (Doc. # 40 at 2). Amos therefore argued that equitable tolling requires that the Court consider the merits of his Motion. (*Id.* at 3-5).

## II. RECOMMENDED DISPOSITION

In Judge Ingram's Recommended Disposition, he concluded that Amos's § 2255 Motion was untimely and equitable tolling was unavailable. (Doc. # 43 at 1-4). Judge Ingram determined that Amos's Judgment became final on September 30, 2020. (*Id.* at 2); *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals . . . ."). Thus, pursuant to § 2255(f)(1), which establishes a one-year statute of limitations for the filing of § 2255 motions, Amos was required to file

his § 2255 Motion by September 30, 2021.  (*Id.* at 2).  Amos avers that he placed his § 2255 Motion in the mail on November 11, 2021.  (*Id.*) (citing Doc. # 37 at 11).  As noted by Judge Ingram, Amos's § 2255 Motion was considered filed forty-two days past the one-year deadline.  (*Id.*).

Judge Ingram acknowledged that the deadline can be equitably tolled as articulated by the Supreme Court in *Holland v. Florida*, 560 U.S. 631 (2010).  (Doc. # 43 at 2).  The statutory authority for this premise comes from the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *Holland*, 560 U.S. at 645.  Equitable tolling is available to the petitioner if "he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  As explained by Judge Ingram, equitable tolling is a high bar to meet—"[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day."  (Doc. # 43 at 2) (quoting *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003)).  Such circumstances are rare and include "egregious attorney misconduct," *Holland*, 560 U.S. at 634, and a petitioner's "profound mental incapacity," *United States v. Sosa*, 364 F.3f 507, 513 (4th Cir. 2004).  (Doc. # 43 at 2-3).

Amos's Response to Judge Ingram's Show Cause Order explained that Amos believed his attorney had filed a notice of appeal, which would have provided him with additional time to file his § 2255 Motion.  (Doc. # 43 at 3) (citing Doc. # 40 at 2-3).  Amos further cites restrictive procedures related to the COVID-19 pandemic which prevented him from filing his § 2255 Motion in a timely manner.  (*Id.*) (citing Doc. # 40 at 4).  However,

Judge Ingram was not persuaded that these factual circumstances warranted equitable tolling.  (*Id.*).

Judge Ingram found that Amos was not entitled to equitable tolling because he could not show that he diligently pursued his rights or that an extraordinary circumstance prevented him from filing his § 2255 Motion.  (*Id.*).  Judge Ingram explicitly pointed out that Amos admitted that the restrictive COVID procedures have been in place throughout his time in Bureau of Prisons custody, and were still in place when he eventually filed his § 2255 Motion, as well as a Motion for Compassionate Release— ultimately illustrating that "Amos was capable of filing motions despite the restrictive procedures in place while he has been in B.O.P. custody."  (*Id.*).

Judge Ingram further explained that Amos's belief that his attorney had filed a Notice of Appeal likewise does not warrant equitable tolling.  (*Id.*).  Judge Ingram relied on *Holland*, which made clear that "only 'egregious attorney misconduct' warrants tolling." (*Id.* at 3-4) (quoting *Holland*, 560 U.S. at 634).  Although failure to file a Notice of Appeal if asked to do so by Amos "may have been misconduct," Judge Ingram explained that this "would not have affected Amos's ability to file a timely habeas motion during the one-year limitations period." (*Id.* at 4).  Ultimately, Judge Ingram found that "[a]ttorney negligence does not warrant equitable tolling, only extraordinary misconduct does."  (*Id.*).

Next, Judge Ingram determined that an evidentiary hearing was unnecessary and no certificate of appealability shall be issued.  (*Id.* at 4-5).  As Judge Ingram recommended denying Amos's Motion on timeliness grounds, he did not reach the merits of Amos's ineffective-assistance-of-counsel claim.

### III. ANALYSIS

#### A. Standard of Review

The district court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where there are no objections, or the objections are vague or conclusory, the Court is not required to review the Defendant's claims. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). Allegations in *pro se* habeas complaints are held to a less stringent standard and are construed liberally, however "inartfully pleaded." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

An objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). Thus, "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived." *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011). Where an objection is simply a repetition of what the Magistrate Judge has already considered, it fails "to put the Court on notice of any potential errors in the Magistrate's R&R." *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938). The Court adopts the findings of fact and

conclusions of law in the Recommended Disposition to which Defendant has not objected. *Arn*, 474 U.S. at 150.

**B.     Objection**

Amos objects to Judge Ingram's determination that his § 2255 Motion is time barred and that equitable tolling does not apply.  (Doc. # 47).  Amos argues that Judge Ingram "has failed to apprehend the hardships [Amos] has faced in even getting his motion to the Court." (*Id.* at 2).  Amos explains that these hardships include restrictive policies and lockdowns by the Bureau of Prisons, which limit Amos's access to legal materials.  (*Id.* at 2-4).  Amos's basic premise is that "the COVID 19 Pandemic constitutes extraordinary circumstances that warrant equitable tolling."  (Doc. # 40 at 4).

Unfortunately for Amos, the Court disagrees.  When evaluating equitable tolling arguments related to COVID-19, a petitioner "must demonstrate fact-specific circumstances related to the pandemic that hindered his ability to timely file a § 2255 motion."  *United States v. Marshall*, Nos. 5:18-cr-122, 5:21-cv-72, 2021 WL 3854469, at *2 (E.D. Ky. Aug. 5, 2021).  Amos is unable to benefit from equitable tolling because the hardships Amos faced in filing his Motion, instituted in the face of the COVID-19 pandemic, including lack of access to the prison law library and prison lockdowns, are not sufficient to require equitable tolling.  The Sixth Circuit has frequently rejected the idea that these types of hurdles require the application of equitable tolling.  *See, e.g.*, *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he

describes prevented him from timely filing a habeas petition," specifically when a petitioner "[does] not explain how he diligently pursued his rights"); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d at 750-52 (6th Cir. 2011) (concluding that prisoner's *pro se* status, limited law-library access, and inability to access trial transcripts were not enough to warrant equitable tolling).

In the specific context of the COVID-19 pandemic, another Eastern District of Kentucky court denied to utilize equitable tolling when the petitioner "simply assert[ed] that the pandemic prevented him from accessing his legal materials and the law library because his facility was on lockdown." *Marshall*, 2021 WL 3854469, at *3. Amos recites the same hardships in his Objection. As explained by that court, these obstacles are not "fact-specific circumstances related to the pandemic that prevented him from timely filing a § 2255 motion, beyond a general lack of access to legal resources." *Id.* This alone did not warrant equitable tolling in *Marshall*, and similarly does not warrant equitable tolling in Amos's situation.

## IV.   CERTIFICATE OF APPEALABILITY

When a § 2255 is denied on procedural grounds, instead of on the merits, a certificate of appealability should issue if petitioner shows "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Considering the arguments put forth by the parties, reasonable jurists could not debate whether Amos's § 2255 Motion should be dismissed as time barred. Therefore, no Certificate of Appealability shall issue.

## V. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** as follows:

(1) The Recommended Disposition of Judge Ingram (Doc. # 43) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2) Defendant's Objection (Doc. # 47) is **OVERRULED**;

(3) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 37) is **DENIED**;

(4) This matter is **DISMISSED with prejudice** and **STRICKEN** from the Court's active docket;

(5) For the reasons set forth herein and in Judge Ingram's Recommended Disposition (Doc. # 43), the Court determines that there is no arguable merit for an appeal in this matter and, therefore, **A CERTIFICATE OF APPEALABILITY SHALL NOT ISSUE**; and

(6) A separate Judgment will be filed herewith.

This 20th day of July, 2022.



Signed By:
*David L. Bunning*
United States District Judge

M:\DATA\ORDERS\Ashland Criminal\2020\20-4 Order on RR.docx